531 P.2d 220

**In the Matter of John DOE IV, a child, Appellant.**

**No. 1546.**

Court of Appeals of New Mexico.

Jan. 8, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Donald Klein, Jr., Asst. Appellate Defender, Santa Fe, for appellant.

David L. Norvell, Atty. Gen., Louis Druxman, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SUTIN, Judge.

John Doe IV appeals from an order entered by the Children's Court.

In March, 1973, a petition was filed in Children's Court, Lincoln County, in accordance with § 13–14–17, N.M.S.A.1953 (Repl. Vol. 3, 1973 Supp.), which charged John with being a delinquent child because of acts allegedly in violation of § 46–10–12, N.M.S.A.1953 (Repl. Vol. 7). Section 13–14–3(N) and (O). John was then 17 years of age, and a "child". Section 13–14–3(A). A hearing was held and a dispositional order entered which adjudged John a child in need of supervision, and ordered that he be placed on probation until the beginning of the 1973–74 school year.

On April 13, 1973, because of a new series of allegedly unlawful acts, a second petition alleging that John was a delinquent child was filed. The court entered an order on April 19, judging that John was a child in need of supervision, revoking his probation, and ordering that he be kept in "Children's Detention" in the Lincoln County Jail, until final disposition of his case.

On April 17, 1973, a "consent decree" was entered into pursuant to § 13–14–33 in which John was placed under supervision. This "consent decree" was revoked on April 19, 1973.

On May 1, 1973, a new petition was filed, which alleged that appellant was a delinquent child, and a child in need of supervision, because he did not report to Children's Detention, in contempt of the court order, or to school, beginning with the date of April 26th. On or about that date, John left the state. The date of his return to New Mexico does not appear of record.

On January 17, 1974, a summons was served on John's mother. The hearing was set for January 22, 1974. John was then 18 years old and an adult. Section 13–14–3(B). On January 29, following the hearing, the Children's Court entered the order from which this appeal was taken. This order was a judgment which purged John of contempt of court and placed him on probation pending a hearing on the petition filed April 13, 1973.

A probation agreement was signed by John and his mother and filed on February 19, 1974. The term of probation ran from January 22, 1974 to the end of the 1973–74 school year. That term has expired. This same term of probation was fixed in the final order entered on January 29, 1974.

John contends that the Children's Court lacked jurisdiction to enter the order of January 29, 1974 because he was an adult, having attained the age of 18 on December 15, 1973.

His contention is that § 13–14–35(H) terminates "all judgments affecting the child, when the child reaches 18 years of age." Section 13–14–35(H) reads: "When a child reaches eighteen [18] years of age all judgments affecting the child *then in force* automatically terminate * * *." [Emphasis added.] The order entered on January 29, 1974 was not in force when John reached his 18th birthday. Therefore, under § 13–14–35(H), the Children's Court had jurisdiction.

Section 13–14–12(A) retains jurisdiction in the Children's Court, even though John became an adult, until "disposition" of the case, or transfer to a court having criminal jurisdiction. Section 13–14–12(A), (B). The order of January 29, 1974 was a disposition of the petition of May 1, 1973. The Children's Court had jurisdiction to enter that order under § 13–14–12(A).

John also contends the Children's Court lacked jurisdiction to enter the above order because it enforced provisions of that order which disposed of the petition filed in March, 1973. We disagree. The disposition order for the March, 1973 petition required 30 days of public service work. This order terminated under § 13–14–35(H). The January 29, 1974 order required this public service work as a condition of probation in disposing of the petition of May 1, 1973. Being a disposition

**174**

under the May 1, 1973 petition, the court had jurisdction to make that disposition under § 13–14–12(A).

The only remaining portion of the order of January 29, 1974, from which this appeal is taken, is item 3. It reads:

3. The Petition now outstanding against the Child shall proceed to trial as soon as Counsel may be heard.

The petition outstanding is that of April 13, 1973. It contains five counts. Counts III and V were forgiven in the final order. Counts I, II and IV have not been decided by the Children's Court and are not before us for review. The Children's Court has authority to dispose of the counts under § 13–14–12(A).

The remaining contentions of John are without merit.

The order of January 29, 1974 is affirmed.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.